

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 29, 1975

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 595

Re: Duty of sheriff to execute
civil process and liability for
failure to do so.

Dear Mr. Resweber:

You have requested our opinion concerning the duty of a sheriff to execute civil process and whether he would be subject to any liability for failure to do so because of a shortage of deputies to execute process directed to him. You report in connection with this question that the County Commissioners Court of Harris County has refused to appropriate any money to the sheriff's office for underwriting the department set up therein which had the duty of executing civil process.

You further ask our opinion as to whether it is the exclusive duty of the sheriff to execute civil process. According to the information you have furnished us, the Commissioners Court is contemplating that the courts of Harris County will direct civil process to the constables rather than to the sheriff.

Finally, our opinion is sought as to whether Harris County would be liable for the sheriff's failure to execute process where such failure was generated by a refusal to provide, by appropriation, sufficient funds for the employment of deputies to be used in executing civil process.

Article 6873, V. T. C. S., provides:

> Each sheriff shall execute all process and precepts directed to him by legal authority, and make return thereof to the proper court, on or before the day to which the same is returnable; and any sheriff who shall fail so to do, or who shall make a false return on any process or precept shall, for every such offense, be liable to be fined by the court to which such process is returnable, as for a contempt, not exceeding one hundred dollars at the discretion of the court, which fine shall go to the county treasury; and such sheriff shall also be liable to the party injured for all damages he may sustain.

p. 2648

A sheriff is therefore under a legal duty to execute process directed to him by legal authority.  Article 6873, V.T.C.S., is absolute in its terms and an inadequate operating budget will not excuse a sheriff's failure to execute process directed to him.  Moreover, as provided by article 6873, V.T.C.S., a sheriff's failure to execute process is punishable by fine and subjects a defaulting sheriff to possible liability to a party injured as a result of the failure to serve or execute the process. Liability to a party injured by default in process execution is likewise imposed by article 2287, V.T.C.S.

However, the service and execution of the various types of civil process are not the duty and function of the sheriff exclusively. Rule 15, Texas Rules of Civil Procedure, provides in part:

> The style of all writs and process shall be 'The
> State of Texas;' and unless otherwise specially
> provided by law or these rules every such writ
> and process shall be directed to any sheriff or
> any constable within the State of Texas, . . .
> (Emphasis supplied).

Other Rules of Civil Procedure indicate that either  the sheriff or a constable may execute the following legal process and writs:  citations, subpoenas, process issuing from the Supreme Court, attachments, execution, garnishment, injunctions, sequestration, forcible entry and detainer citations and writs of restitution, writs of partition and quo warranto citations.  TEX. R. CIV. P. 15, 103, 177, 488, 594, 622, 686, 699, 742, 755, 762 and 780.

Additionally, a number of Texas statutes provide that constables, as well as sheriffs, may execute a particular form or kind of process. See for example  Election Code art. 7.11 (service of process under various articles of the Election Code); V.T.C.S., art. 2286a (lunacy, guardianship and estate process); Prob. Code sec. 33 (citation in probate cases); V.T.C.S., art. 2418 (jurors in justice court).  Additionally, articles 4413 (11) and (12), V.T.C.S., clothe the Texas Rangers and the officers of the Highway Patrol with the authority to execute process when specially directed to do so by a court of record.

There are few statutes that impose the duty of executing process only upon the sheriff and in such instances the sheriff would have the exclusive authority and power to execute process.  See for example V.T.C.S., article 6874, (legislative process).

Accordingly, it is our opinion that a sheriff does not have the exclusive duty to execute process except where a statute, rule or court order so provides.

Your final question is whether a county would be liable for the failure to execute such process where the commissioners court has failed to provide the sheriff with an adequate budget.

Article 3902, V. T. C. S., which pertains to the appointment of subordinates, provides in part:

> Whenever any district, county or precinct officer
> shall require the services of deputies, assistants
> or clerks in the performance of his duties he shall
> apply to the County Commissioners' Court of his
> county for authority to appoint such deputies, assistants.
> or clerks, stating by sworn application the number
> needed, the position to be filled and the amount to
> be paid.  Said application shall be accompanied by
> a statement showing the probable receipts from fees,
> commissions and compensation to be collected by said
> office during the fiscal year and the probable disburse-
> ments which shall include all salaries and expenses of
> said office; and said court shall make its order
> authorizing the appointment of such deputies, assistants
> and clerks and fix the compensation to be paid them
> within the limitations herein prescribed and determine
> <u>the number to be appointed as in the discretion of said</u>
> <u>court may be proper;.  .  . (Emphasis supplied).</u>

It is clear that a commissioners court has reasonable discretion in the employment of staff for the sheriff's office.  <u>Compare</u>, Attorney General Opinion M-708 (1970).  A commissioners court has the authority to adopt a budget "as in its judgment the facts and the law warrant and the interests of the taxpayers demand." V. T. C. S., article 1666a.  There is therefore no affirmative duty which could give rise to liability on the part of the county for failure of a sheriff to execute process.

Furthermore, the doctrine of legislative immunity would protect the members of the commissioners court from any liability for asserted budgetary deficiencies.  <u>Torres v. Owens</u>, 380 S. W. 2d 30 (Tex. Civ. App. -- Corpus Christi 1964, writ ref., n. r. e. ).  We do not consider the situation in which commissioners might be found to have acted maliciously.

## SUMMARY

A sheriff has the statutory duty to execute process directed to him by legal authority. Any failure to perform such duty could subject the sheriff to a fine and / or possible damages.

The sheriff does not have the exclusive authority to execute process.

The commissioners court would not be liable for a sheriff's failure to execute process.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb